✓ FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

OCT 1 0 2017

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RIGOVALDO GARCIA-PENA,

    Plaintiff,

vs.

MTC FINANCIAL, INC. et al.,

    Defendants.

3:17-cv-00319-RCJ-WCG

**ORDER**

This is a foreclosure case involving a single property. Pending before the Court is Defendant MTC Financial Inc. dba Trustee Corps' (hereinafter "Trustee Corps") Motion to Dismiss. (Mot. Dismiss, ECF No. 11.) For the reasons given herein, the Court grants the motion.

## I. FACTS AND PROCEDURAL BACKGROUND

In January 2008, Plaintiff Rigovaldo Garcia-Pena ("Plaintiff") purchased real property at 872 Tanager Street #26, Incline Village, NV 89451 (the "Property"), giving the lender a promissory note for $171,000 secured by a deed of trust ("DOT"). (Deed of Trust, ECF No. 1-1 at 27.) The lender on the DOT was Countrywide Bank, FSB, and the trustee was ReconTrust Company. The Mortgage Electronic Registration System, Inc. ("MERS") was named as the beneficiary under the DOT and was granted authority to act "as a nominee for Lender and Lender's successors and assigns." (This same stock language has been used by MERS in countless deeds of trust over the years and has been analyzed by this Court numerous times.)

By an instrument recorded on September 1, 2010, MERS assigned its beneficial interest in the DOT to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP ("BAC"). (Assignment, ECF No. 1-1 at 48.) Then by an instrument recorded on November 11, 2014, Bank of America, N.A. ("BANA"), as successor by merger to BAC, assigned the DOT and promissory note to Green Tree Servicing, LLC ("Green Tree"). (Assignment, ECF No. 1-1 at 56.) On January 5, 2015, a substitution of trustee was recorded under which Trustee Corps was substituted as trustee under the DOT. (Substitution, ECF No. 12-5.) On August 4, 2015, Defendant Ditech Financial, LLC ("Ditech") merged with Green Tree and Ditech became the surviving entity. (Compl. ¶ 48, ECF No. 1-1 at 12.) Ditech is the current record holder of the DOT and the note.

On December 13, 2016, Trustee Corps recorded a notice of default ("NOD") and election to sell the Property, due to Plaintiff's failure to make his mortgage payments. (Notice of Default, ECF No. 12-6.) On April 18, 2017, Trustee Corps recorded a notice of trustee's sale ("NOS"). (Notice of Sale, ECF No. 12-7.) Plaintiff then filed this case in the Second Judicial District Court of the State of Nevada, Washoe County, on May 10. The complaint includes six causes of action against both defendants: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*; (2) cancellation of instruments; (3) wrongful foreclosure; (4) slander of title; (5) breach of executory accord; (6) declaratory judgment.

Trustee Corps now moves the Court to dismiss the claims alleged against it under Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

(1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable cause of action (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the cause of action he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*

& Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record."[1] *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

**III. ANALYSIS**

The crux of Plaintiff's position in filing this lawsuit is that Green Tree—Ditech's predecessor-in-interest—never actually obtained a beneficial interest in the DOT, and thus did not have legal authority to substitute Trustee Corps in the place of ReconTrust Company. According to Plaintiff, Ditech is not the current beneficiary under the note and DOT, and Trustee Corps is not the current trustee. Therefore, Ditech's attempt to foreclose on the Property is wrongful, as is Trustee Corps' recordation of the NOD and NOS. Plaintiff's arguments center on the acquisition of Countrywide Financial by BANA in 2008. However, the arguments fail as a matter of law.

Plaintiff first alleges that the lender Countrywide Bank, FSB no longer held the note at the time of the merger, because the DOT had previously been "table-funded by a [Special

---

1 Trustee Corps has requested judicial notice be taken of attached copies of relevant publicly recorded documents. (*See* Req. Judicial Notice, ECF No. 12.) The Court takes judicial notice of these public records. Accordingly, Plaintiff's objections to the request for judicial notice, ECF No. 14, are overruled.

Purpose Entity] through the securitization process." (Compl. ¶ 23.) "This argument has been rejected in this district, because the securitization of a loan does not in fact alter or affect the legal beneficiary's standing to enforce the deed of trust." *Reyes v. GMAC Mortg. LLC*, No. 2:11-cv-100, 2011 WL 1322775, at *2 (D. Nev. Apr. 5, 2011) (Mahan, J.) (collecting cases). Rather, the securitization or Plaintiff's loan "merely create[d] a separate contract, distinct from [Plaintiff's] debt obligations under the note and [did] not change the relationship of the parties [to the DOT] in any way." *See id.* at *3.

Plaintiff next argues that under the merger the DOT was not actually transferred to Red Oak Merger Corporation, a wholly-owned subsidiary of BANA. As Trustee Corps has put it in its motion: "Plaintiff offers a convoluted and nonsensical interpretation of the Merger Agreement ultimately concluding that after the Merger, neither BANA, nor Red Oak, nor Countrywide held any interest in the DOT." (Mot. Dismiss 6, ECF No. 11.) This Court has already addressed the effect of the Countrywide/BANA merger in past cases. For example, the Court held in a similar case:

> In this case, the foreclosure process was properly executed. In 2008, Bank of America acquired Countrywide Financial and took over its home loans. As a result, Bank of America re-branded its mortgage offerings as Bank of America Corporation Home Loans, or BAC Home Loans. Therefore, in 2010, BAC Home Loans was the successor in interest to the lender on the deed of trust and properly gave U.S. Bank National Association the authority to execute a substitution of trustee. Accordingly, ReconTrust as the properly substituted trustee had the authority to initiate foreclosure proceedings by filing a notice of default the next day.

*Gudenavichene v. BAC Home Loan Servicing, LP*, No. 2:11-cv-687, 2011 WL 4730527, at *3 (D. Nev. Oct. 5, 2011) (Jones, J.) (citations omitted); *see also Roberts v. Countrywide Home Loans, Inc.*, No. 3:11-cv-764, 2012 WL 280717, at *1 (D. Nev. Jan. 31, 2012) (Jones, J.) (emphasis added) ("MERS first assigned the note and DOT to 'BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP,' and later assigned them to 'Bank of America,

N.A., successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP.' *These assignments were probably superfluous, since the successor entities would hold the notes and deeds of trust as a matter of law.*").

Furthermore, pursuant to the express language of the DOT, MERS, as an agent for Countrywide Bank, FSB and its successors and assigns, had authority to transfer the note on behalf of Countrywide Bank, FSB *and its successors and assigns. See Edelstein v. Bank of New York Mellon*, 286 P.3d 249, 258 (Nev. 2012). Under Nevada law, this language is "more than sufficient to create an agency relationship between MERS and *the Lender and its successors.*" *Id.* (emphasis added) (citations omitted). Therefore, MERS had authority to execute the assignment recorded September 1, 2010, which transferred the DOT (on MERS's own behalf) and the note (on behalf of Countrywide Bank, FSB or any successor-in-interest) to BAC. (Assignment, ECF No. 1-1 at 48.) And with the assignment recorded November 12, 2014, whereby BANA (as successor by merger to BAC) assigned the DOT and note to Green Tree, there is a clear chain of title to Ditech (successor by merger to Green Tree).

In deciding this motion to dismiss, the Court must take all material factual allegations as true and construe them in the light most favorable to the plaintiff. However, The Court is not required to accept as true allegations that are merely proposed conclusions of law, unwarranted deductions of fact, or unreasonable inferences. Here, the Complaint identifies no plausible defect in the chain of title. In short, because MERS properly exercised its authority under the DOT to assign the note and DOT to BAC, Plaintiff has failed to state a claim for relief, and Trustee Corps' motion to dismiss must be granted.

Moreover, each of Plaintiff's claims fails for additional reasons:

/ / /

/ / /

### a. Violation of the FDCPA

Plaintiff has not stated a cognizable claim against Trustee Corps with respect to the FDCPA. Plaintiff factually alleges only that Trustee Corps recorded the NOD and NOS against the Property, thereby "threatening to foreclose." However, "[i]t is well established that non-judicial foreclosures are not an attempt to collect a debt under the Fair Debt Collection Practices Act and similar state statutes." *Contreras v. Master Fin., Inc.*, No. 3:10-cv-477, 2010 WL 4608300, at *2 (D. Nev. Nov. 4, 2010) (Hicks, J.); *see also Vien-Phuong Thi Ho v. ReconTrust Co., NA*, 858 F.3d 568, 572 (9th Cir. 2016) ("[A]ctions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect 'debt' as that term is defined by the FDCPA."); *Charov v. Perry*, No. 2:09-cv-2443, 2010 WL 2673662, at *1 (D. Nev. June 30, 2010) (Navarro, J.). Therefore, Trustee Corps' actions do not implicate the FDCPA.

### b. Cancellation of Instruments

Plaintiff has also failed to state a claim for relief with respect to rescinding the assignments. "Rescission is an equitable remedy which totally abrogates a contract and which seeks to place the parties in the position they occupied prior to executing the contract." *Bergstrom v. Estate of DeVoe*, 854 P.2d 860, 861 (Nev. 1993). Only the parties to a contract and any intended third-party beneficiaries have standing to enforce the contract. *See Wood v. Germann*, 331 P.3d 859, 861 (Nev. 2014); *Morelli v. Morelli*, 720 P.2d 704, 705–06 (Nev. 1986). Accordingly, a borrower in Nevada, who is neither a party to nor intended third-party beneficiary of an assignment of his mortgage, lacks standing to challenge the assignment. *See Wood*, 331 P.3d at 861; *Martinez v. Cent. Mortg. Co.*, No. 2:15-cv-1190, 2016 WL 879478, at *3 (D. Nev. Mar. 7, 2016) (Mahan, J.), *aff'd*, 683 F. App'x 631 (9th Cir. 2017). The recorded instruments Plaintiff now attempts to cancel had no effect on Plaintiff's original obligations

under the loan. Therefore, he was not injured by any such instruments and has no standing to challenge them. *See Christie v. Bank of New York Mellon, N.A.*, 617 F. App'x 680, 681 (9th Cir. 2015) (under California law, borrower lacked standing to challenge irregularities in the assignment of her promissory note and DOT "because those instruments are negotiable and her obligations thereunder remain unchanged even if her creditor changes").

### c. Wrongful Foreclosure

The claim for wrongful foreclosure fails because (1) Plaintiff has not alleged that he is not in default on his loan, and (2) no foreclosure has taken place. "[T]he material issue of fact in a wrongful foreclosure claim is whether the trustor was in default when the power of sale was exercised." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). Because Plaintiff has not alleged a lack of default, tender to cure the default, or an excuse from tendering, his wrongful foreclosure claim cannot succeed. *See In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 785 (9th Cir. 2014). Furthermore, consistent with *Collins*, "a claim for wrongful foreclosure does not arise until the power of sale is exercised." *Haley v. Elegen Home Lending, LP*, No. 3:10-cv-46, 2010 WL 1006664, at *2 (D. Nev. Mar. 16, 2010) (Hicks, J.). In this case, therefore, the claim for wrongful foreclosure is premature and not actionable.

### d. Slander of Title

The claim for slander of title fails because Plaintiff has not made plausible factual allegations of falsehood, malice, or special damages. To establish a slander of title claim in Nevada, the plaintiff must show the defendant made a false and malicious statement which disparaged the plaintiff's title in land causing special damages. *Executive Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 478 (Nev. 1998). A defendant makes a false statement maliciously if the defendant knew the statement was false or the defendant acted in reckless disregard of the statement's truth or falsity. *Rowland v. Lepire*, 662 P.2d 1332, 1335 (Nev. 1983). Special

damages may be established by impairment of the land's vendibility or expenses incurred in removing the cloud on the plaintiff's title caused by the false statement. *Summa Corp. v. Greenspun*, 607 P.2d 569, 573–74 (Nev. 1980).

Plaintiff's allegations on this cause of action are implausible and conclusory. A clear chain of title illustrates that all the challenged assignments and notices were executed by the proper entities with proper authority. Therefore, Plaintiff has not plausibly alleged any false statement in any of the recorded documents. Plaintiff merely alleges "malicious executions" with no supporting factual content to demonstrate malice. Indeed, the allegation of malice is highly implausible under the circumstances and in light of the recorded chain of title. The claim that the Property's title was devalued and disparaged is merely a conclusion that is entirely unsupported by any pleaded facts.

### e. Breach of an Executory Accord and Satisfaction

The claim for breach of executory accord fails against Trustee Corps because it does not allege that Trustee Corps was a party to any such accord, nor that it had authority, as foreclosure trustee, to enter into an agreement for the satisfaction of Plaintiff's promissory note. Rather, this cause of action focuses entirely on the conduct of MERS and BAC in 2011, and Ditech in 2016, at mediation sessions held pursuant to Nevada's Foreclosure Mediation Program. Plaintiff does not allege that Trustee Corps participated in these mediations or that it made any agreements as a result of the mediations.

### f. Declaratory Judgment

Plaintiff's remaining cause of action for declaratory judgment is a remedy that may be afforded to a party after he has sufficiently established and proven his claims. Here, all of Plaintiff's other causes of action fail to state a claim for relief. Accordingly, Plaintiff is not entitled to his requested remedies against Trustee Corps.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 11) is GRANTED without leave to amend. Defendant MTC Financial, Inc. dba Trustee Corps is hereby dismissed from this action.

IT IS SO ORDERED. *October 10, 2017.*

_____
ROBERT C. JONES
United States District Judge